UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ROBERT PIETZ,

    Plaintiff,

v.

Apple, Inc.,

    Defendant.

_____/

FILED BY ___ D.C.
FEB 12 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT FOR UNJUST ENRICHMENT

Plaintiff, **Robert Pietz**, appearing pro se, and as the Chief Executive Officer and copyright owner of "Apple" brings this action against Defendant, Apple, Inc., for unjust enrichment and alleges as follows:

### I. FACTUAL BACKGROUND

1. The globally recognized multinational corporation, Apple, Inc. (formerly known as "Apple Computer, Inc.") has obtained thousands of copyright registrations with the United States Copyright Office since its founding in 1977.

2. The first copyright filing record, dated 1977, was for "Floating Point Routines" and was originally registered under Apple Computer, Inc (**Exhibit A**).

3.  Apple Computer, Inc. was the original claimant and assignee for numerous subsequent copyrights, trademarks, and intellectual property assets related to its business operations.

4.  On or about March 19, 2021, Apple Inc., notwithstanding federal copyright ownership laws, relinquished its corporate name "Apple Computer, Inc." by filing a name change with the Florida Department of State and failing to maintain any active DBA (Doing Business As) for that entity (**Exhibit B**).

5.  As of January 15, 2025, Plaintiff, on behalf of Apple Computer, Inc., became aware of this oversight and, in order to preserve the integrity of the copyrighted works and the public reliance on the original entity name, lawfully incorporated Apple Computer, Inc. in the State of Florida (**Exhibit C**).

6.  By virtue of this lawful incorporation, Plaintiff, through Apple Computer, Inc., assumed ownership and rights to all copyrighted works assigned to "Apple Computer, Inc." that Defendant failed to maintain proper legal control over, and questionably entitlement to the entirety of the corporation.

7.  Hundreds of copyright filings, including recent registrations, continue to list "Apple Computer, Inc." as an author and/or claimant, despite Apple Inc.'s formal abandonment of the name in Florida's corporate records.

8.  Defendant's failure to maintain and update copyright ownership records has allowed it to benefit from intellectual property to which Plaintiff—through Apple Computer, Inc.—

2

holds a valid interest, thereby causing unjust enrichment to Defendant at Plaintiff's expense.

**III. JURISDICTION AND VENUE**

9. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and falls within the exclusive jurisdiction of this Court pursuant to 28 U.S.C. § 1338(a), which vests district courts with original and exclusive jurisdiction over copyright matters.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Florida, Defendant's DBA "Apple Computer, Inc." was formally dropped in Florida, and Apple Inc. is registered to do business in Florida. Additionally, other state filings and corporate records reflect Florida as the proper venue for adjudication, as they indicate Florida as the jurisdiction where the relevant corporate actions and ownership issues occurred. Defendant also conducts substantial business in this district, and a significant portion of the events giving rise to the claim occurred within this judicial district.

**III. PARTIES**

11. Plaintiff, ROBERT PIETZ, is a Florida resident, appearing pro se, and is the Chief Executive Officer and owner of Apple Computer, Inc., a Florida-based entity that lawfully incorporated under the name "Apple Computer, Inc." on January 15, 2025.

12. Defendant, Apple Inc., is a California-based multinational technology company with its principal place of business at One Apple Park Way, Cupertino, California 95014.

**IV. CAUSE OF ACTION: UNJUST ENRICHMENT**

13. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

14. Defendant has wrongfully retained benefits and profits derived from copyrighted works legally attributed to "Apple Computer, Inc." despite abandoning that corporate name in Florida. By failing to maintain ownership or exclusive control over "Apple Computer, Inc.," Defendant effectively forfeited any exclusive claim to the profits derived from those works, as recognized in Int'l News Serv. v. Associated Press, 248 U.S. 215, 239–40 (1918), which held that one party cannot continue to benefit from intellectual property when they have failed to properly maintain exclusive rights.

15. Plaintiff, as the CEO and owner of the re-incorporated Apple Computer, Inc., holds a lawful and equitable interest in all such works, particularly where copyright filings still list "Apple Computer, Inc." as the rightful claimant. Defendant's continued commercial exploitation of these copyrighted materials without compensating Plaintiff constitutes

unjust enrichment, as recognized in Johnson v. Monsanto Co., 303 U.S. 226, 231 (1938), which held that a party may not unjustly retain the benefit of another's property when equity demands restitution.

16. The principle that equity and good conscience require restitution is well established in case law and legal doctrine, including Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011). Courts have routinely held that when a defendant benefits from property or rights that rightfully belong to another, restitution of at least 50% of the profits is appropriate. In Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 405 (1940), the Supreme Court ruled that when one party improperly profits from another's intellectual property, they must disgorge a fair share of the profits—often at least 50% in cases of joint ownership and equitable restitution.

17. In similar cases, courts have awarded at least 50% of unjustly derived profits where intellectual property rights are in dispute, as in Estate of Johnson v. Village of Libertyville, 575 F. Supp. 3d 868, 875 (N.D. Ill. 2021), which ordered profit-sharing where intellectual property was wrongfully exploited without compensation.

18. Based on these principles, Plaintiff is entitled to at least 50% of the profits derived from these copyrighted materials, as Defendant cannot claim full ownership or exclusive entitlement to assets it failed to maintain.

19. Plaintiff seeks damages for Defendant's unjust enrichment, in an amount to be determined at trial, but no less than 50% of all profits derived from the wrongful use of

copyrighted works assigned to "Apple Computer, Inc.," plus additional damages as the Court deems just and proper.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:

20. An award of damages in an amount no less than all profits derived by Defendant from the continued use, reproduction, and commercialization of copyrighted works originally attributed to "Apple Computer, Inc.," starting from the year 2021 and continuing through the present and future use.

21. An accounting of all revenues and profits derived by Defendant from any works attributed to "Apple Computer, Inc." beginning in 2021, including but not limited to financial data contained in Securities and Exchange Commission (SEC) filings, annual reports, and internal financial records that accurately reflect profits gained from the use of these works.

22. Restitution and/or disgorgement of all ill-gotten gains, in an amount equal to at least 50% of all financial benefits Defendant has obtained from the wrongful exploitation of these copyrighted works, ensuring that Plaintiff is fairly compensated for Defendant's unlawful enrichment.

23. A permanent injunction preventing Defendant from further profiting from the disputed works without fair and equitable compensation to Plaintiff, ensuring compliance with all relevant intellectual property and corporate governance laws.

24. Any and all other relief the Court deems just and proper, including pre-judgment and post-judgment interest, attorney's fees (if applicable), and any statutory damages available under federal law.

25. Appointment to Chief Executive Officer of Apple, inc.

26. I want a device that I can plug the vin number of a vehicle I own into (like a Porsche) and create key fob that will act as the "main" key to the vehicle.

Respectfully submitted,

Robert Pietz, pro se
5937 nw 56th pl
Tamarac, FL 33319
754-277-9578
pietzreceipts@gmail.com

February 12th, 2025

## CERTIFICATE OF SERVICE

Apple, as disclosed in its publicly available Law Enforcement Guidelines (www.apple.com/legal/privacy/law-enforcement-guidelines-us.pdf), has elected to accept service of process and other legal documentation via email at lawenforcement@apple.com. Accordingly, this email constitutes formal service of process in compliance with Rule 4 of the Federal Rules of Civil Procedure. This service pertains to an initial filing in the United States District Court for the Southern District of Florida.

Dated: February 12, 2025


Respectfully submitted,

Robert Pietz
5937 NW 56th pl
Tamarac, FL 33319
754-277-9578
pietzreceipts@gmail.com

February 12th, 2025

# EXHIBIT A



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.



# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Left Anchored Name = apple computer, inc.
Search Results: Displaying 1 of 554 entries



*Floating point routines.*

| | |
|---:|:---|
| **Type of Work:** | Computer File |
| **Registration Number / Date:** | TX0000809448 / 1979-10-11 |
| **Application Title:** | Apple II floating point routines. |
| **Title:** | Floating point routines. |
| **Description:** | Printout. |
| **Copyright Claimant:** | Apple Computer, Inc. |
| **Date of Creation:** | 1977 |
| **Date of Publication:** | 1977-05-28 |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Apple Computer, Inc. |



| Save, Print and Email (Help Page) |
|---|
| Select Download Format [Full Record ⇅] [Format for Print/Save] |
| Enter your email address: [            ] [Email] |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

# EXHIBIT B

# 853146

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP   ☐ WAIT   ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____   Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



600362036896

21 MAR 19 AM 12: 35

19 AM 9: 24

MAR 2021

Incorporating Services, Ltd.
1540 Glenway Drive
Tallahassee, FL 32301
850.656.7956
Fax: 850.656.7953
www.incserv.com
e-mail: accounting@incserv.com

**incserv**

## ORDER FORM

**TO** Florida Department of State
The Centre of Tallahassee
2415 North Monroe Street, Suite 810
Tallahassee, FL 32303

corphelp@dos.myflorida.com
850-245-6051

**FROM** Melissa Moreau
mmoreau@incserv.com
850.656.7953

**REQUEST DATE** 3/18/2021      **PRIORITY** Regular Approval      **OUR REF # (Order ID #)** 901885

**ORDER ENTITY**
APPLE COMPUTER INC.

**PLEASE PERFORM THE FOLLOWING SERVICES:**
APPLE COMPUTER INC. ( FL)

File the attached withdrawal of alternate name.

**NOTES:**
$35.00 Authorized

**RETURN/FORWARDING INSTRUCTIONS:**
ACCOUNT NUMBER: I20050000052

Please bill the above referenced account for this order.

If you have any questions please contact me at 656-7956,

Sincerely,

[signature]

Please bill us for your services and be sure to include our reference number on the invoice and
courier package if applicable. For UCC orders, please include the thru date on the results.



FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

# RESOLUTION OF THE BOARD OF DIRECTORS TO WITHDRAW THE ALTERNATE NAME FOR USE IN FLORIDA
(Pursuant to section 607.1506 or 617.1506, F.S.)

**(Please print or type)**

I, the undersigned _Sam Whittington_, do hereby certify
(Name)

that this Resolution of the Board of Directors of

_Apple Inc._
(Name of Corporation)

a corporation duly organized and existing under the laws of _California_.
(State or Country)

was adopted on _January 4, 2007_ withdrawing the alternate

name of _Apple Computer Inc._
(Current Alternate Name)

in Florida as its real name is available in Florida.

Date: _March 19, 2021_

_[signature]_                                    Assistant Secretary
Signature of Chairman, Vice Chairman of the Board, a     Title of person signing
director or any officer

**FILING FEE $35**
Make checks payable to Florida Department of State and mail to:
Division of Corporations
P.O. Box 6327
Tallahassee, FL 32314

CR2E124 (04/13)

# EXHIBIT C

# Electronic Articles of Incorporation
## For

### APPLE COMPUTER, INC.

P25000003798
FILED
January 15, 2025
Sec. Of State
fjeggleston

The undersigned incorporator, for the purpose of forming a Florida profit corporation, hereby adopts the following Articles of Incorporation:

## Article I
The name of the corporation is:
APPLE COMPUTER, INC.

## Article II
The principal place of business address:
5937 NW 56TH PL
TAMARAC, FL.   33319

The mailing address of the corporation is:
5937 NW 56TH PL
TAMARAC, FL.   33319

## Article III
The purpose for which this corporation is organized is:
ANY AND ALL LAWFUL BUSINESS.

## Article IV
The number of shares the corporation is authorized to issue is:
1000000

## Article V
The name and Florida street address of the registered agent is:
ROBERT  PIETZ
5937 NW 56TH PL
TAMARAC, FL.   33319

I certify that I am familiar with and accept the responsibilities of registered agent.

Registered Agent Signature:   ROBERT PIETZ

## Article VI

The name and address of the incorporator is:

ROBERT PIETZ
5937 NW 56TH PL

TAMARAC, FL 33319

P25000003798
FILED
January 15, 2025
Sec. Of State
fjeggleston

Electronic Signature of Incorporator:   ROBERT PIETZ

I am the incorporator submitting these Articles of Incorporation and affirm that the facts stated herein are true.  I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.  I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of this corporation and every year thereafter to maintain "active" status.

## Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:   CEO
ROBERT  PIETZ
5937 NW 56TH PL
TAMARAC, FL.   33319  US

## Article VIII

The effective date for this corporation shall be:

01/15/2025