UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-cv-60259-MD

ROBERT PIETZ,

        Plaintiff,

   v.

APPLE, INC.,

        Defendant.

_____ /

**APPLE INC.'S MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Plaintiff Robert Pietz ("Plaintiff") alleges a single claim for unjust enrichment in an attempt to seize thousands of unspecified copyrights from Apple Inc. ("Apple"). He claims that, by incorporating an entity called "Apple Computer, Inc." in the state of Florida, he has assumed control over all Apple's copyrights that were at one point registered in the name of Apple Computer, Inc., Apple's former corporate name. Plaintiff's attempt to leverage his incorporation of an entity designed to imitate Apple to take Apple's intellectual property cannot stand as a matter of law or logic, for many reasons.

As a threshold matter, Plaintiff does not own or control any Apple copyrights: he has alleged no valid conveyance of ownership under 17 U.S.C. § 204, and his argument that his Florida business registration invalidates Apple's copyright ownership violates the Supremacy Clause of the U.S. Constitution. Moreover, Plaintiff's allegations are within the exclusive scope of the Copyright Act, *see* 17 U.S.C. § 301(a), and accordingly are preempted. And even if Plaintiff's entity "Apple Computer, Inc." did have an ownership interest in Apple's copyrights (it does not), *Plaintiff* lacks standing to raise that interest. Each of these independent reasons merits dismissal with prejudice. Beyond that, Plaintiff fails to plead the required elements for an unjust enrichment claim or the requisite facts to raise the copyright allegations he makes in his complaint. Finally, the relief Plaintiff requests—including injunctive relief, judicial appointment as Chief Executive Officer of Apple, and some sort of universal car key—is not awardable.

For all of these reasons, Apple respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

## II.     FACTUAL BACKGROUND

Apple is a global technology company that owns a portfolio of thousands of copyrights. *See* Complaint ("Compl.") ¶¶ 1-3. As part of its global operations, Apple maintains business entity registrations in various jurisdictions around the world. Apple was originally incorporated in California as Apple Computer, Inc. and renamed to Apple Inc. in 2007. For that reason, some of Apple's copyright registrations list the legacy name "Apple Computer, Inc." as the owner. *Id.* ¶¶ 1-3, 7. An existing registration for "Apple, Inc." in Florida ([Florida ID P97000024724](#)) blocked Apple's name change in the state until its dissolution.[1] Apple filed an amendment in 2007 addressing the alternate corporate name, and finally, on March 19, 2021, Apple formally filed a resolution in Florida to drop its alternative corporate name, "Apple Computer, Inc." and registered as Apple Inc. *See* Compl., Ex. B.

On January 15, 2025, Plaintiff incorporated his own entity under the name "Apple Computer, Inc." in Florida. *See* Compl., Ex. C. Less than a month later, on February 12, 2025, Plaintiff filed his Complaint alleging one claim for unjust enrichment against Apple.

The Complaint alleges that, as the CEO and owner of Apple Computer, Inc. and by incorporation of that entity alone, Plaintiff has seized control over all copyrights that list "Apple

---

[1] Apple respectfully requests that the Court take judicial notice of the cited business registration filed with the State of Florida pursuant to Federal Rule of Evidence 201, which permits judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). Courts routinely take judicial notice of documents available on the State of Florida's websites, including from the Division of Corporations. *See, e.g.*, *Tecnoglass v. RC Home Showcase*, 301 F. Supp. 3d 1267, 1270 n.1 (S.D. Fla. 2017) (taking judicial notice of corporate records that were "publicly available at the State of Florida, Division of Corporations website."). The referenced business registration is available on the Division of Corporations website at https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryType=DocumentNumber&aggregateId=domp-p97000024724-d823f632-94a4-4955-87fc-086b6575ef02&directionType=Initial&searchNameOrder=APPLE%20P970000247240&searchTerm=P97000024724.

Computer, Inc." as the copyright holder. Compl. ¶¶ 6, 15. As a result, Plaintiff alleges that Apple has been unjustly enriched by its use of its own copyrights. *Id.* ¶ 14. Plaintiff seeks restitution and disgorgement of Apple's profits related to its copyrights, a permanent injunction preventing Apple from using its copyrights, judicial appointment of himself as the CEO of Apple, and some sort of car key device. *Id.* ¶¶ 20-26.

Separately, on February 17, 2025, Plaintiff filed a similar complaint with the Copyright Claims Board ("CCB") for copyright infringement. *See Apple Computer, inc. et al v. Apple, inc.*, Case No. 25-CCB-0061, Dkt. 1 (Plaintiff's CCB complaint).[2] On February 20, 2025, the CCB issued an Order to Amend Noncompliant Claim and an Order to Show Cause Regarding Bad-Faith Conduct finding that Plaintiff had no basis to assert ownership over Apple's copyrights. *See id.*, Dkts. 2-3 (CCB orders). The CCB found that "[i]t appears that [Plaintiff] is an interloper who filed a baseless copyright infringement claim on behalf of himself and a corporation he formed in January and deceptively named 'Apple Computer Inc.' It does not appear that [Plaintiff] or his corporation have any genuine interest in the copyright." *Id.* Dkt. 3.

Apple now moves to dismiss Plaintiff's Complaint with prejudice, requesting that this Court reach the same conclusion as the CCB.

### III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiff's claim that Apple is being unjustly enriched by the use of its own intellectual property fails for numerous reasons. *First*, Plaintiff cannot assert ownership over Apple's

---

[2] Apple also respectfully requests that the Court take judicial notice of Plaintiff's CCB claim and the related orders pursuant to Federal Rule of Evidence 201(b). Courts routinely take judicial notice of the contents of online dockets and their contents filed in other courts. *See, e.g., Nicolas v. O'Donnell*, No. 25-CV-20071, 2025 WL 81569, at *2 n.1 (S.D. Fla. Jan. 13, 2025) (taking judicial notice of plaintiff's state criminal cases and online dockets) (citing *Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013). The online docket for Plaintiff's CCB claim is available at https://dockets.ccb.gov/case/detail/25-CCB-0061.

copyrights by the mere act of incorporating an entity called "Apple Copyright, Inc." *Second*, though Plaintiff brings a cause of action for unjust enrichment, his claim targets Apple's copyrights and accordingly is preempted by the Copyright Act. *Third*, even accepting Plaintiff's allegations that he owns Apple Computer, Inc. and that entity owns Apple's copyrights (it does not), Plaintiff himself lacks standing to bring this lawsuit. *Fourth*, Plaintiff fails to adequately allege the elements of unjust enrichment. *Fifth*, Plaintiff does not identify the particular copyrights he alleges Apple misuses. And *finally*, the Court does not have authority to grant the non-monetary relief plaintiff requests, like an order naming him Apple's CEO. The Complaint should be dismissed in full, with prejudice.

### A. Plaintiff Does Not Own or Control Any of Apple's Copyrights

No authority supports Plaintiff's assertion that he now owns Apple's copyrights because he incorporated an entity named "Apple Computer, Inc." in the state of Florida. *See* Compl. ¶¶ 5-6. Nor does Plaintiff even identify the list of copyrights over which he claims to have seized control.[3]

The CCB recently and correctly held that "[i]t does not appear that [Plaintiff] or his corporation have any genuine interest" in Apple's copyrights. *Apple Computer, inc. et al v. Apple, inc.*, Case No. 25-CCB-0061, Dkt. 3. Section 204 of the Copyright Act states that "[a] transfer of copyright ownership, other than by operation of law," must be "in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). As an initial matter, Plaintiff does not allege that his newly formed entity is in fact Apple Inc.; nor could he, because he has brought suit against Apple. Nor has Plaintiff alleged any transfer of copyright

---

[3] As discussed below, Plaintiff's failure to identify the copyrights at issue (other than the single registration he attached as Exhibit A to the Complaint) merits dismissal on independent grounds. *See* Section III.E.

4

ownership or identified any operation of law that excuses the absence of a written and signed conveyance. That is because no such instrument, memorandum, or operation of law exists.[4] And to the extent Plaintiff alleges ownership simply because he incorporated an entity he named "Apple Computer, Inc." in Florida, such an ownership theory runs contrary to the Supremacy Clause of the United States Constitution. *See* U.S. Const, art. VI; *Westside Shepherd Rescue of Los Angeles v. Pollock*, No. CV 09-3677-GW(Ex), 2009 WL 10675040, at *10 (C.D. Cal. July 16, 2009) ("a state corporations law cannot unilaterally eliminate the protections" of federal intellectual property law). Because Plaintiff does not own any of the copyrights from which he alleges Apple unjustly benefits, his claim should be dismissed with prejudice.

**B.     The Copyright Act Preempts Plaintiff's Unjust Enrichment Claim**

Plaintiff styles his complaint as one for unjust enrichment, but he ultimately seeks control of Apple's copyrights with no legitimate basis. Section 301 of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title," and "no person is entitled to any such right or equivalent right in any . . . work [within the subject matter of copyright] under the common law or statutes of any State." 17 U.S.C. § 301(a). Thus, where a state law claim falls within the exclusive scope of the Copyright Act, it is preempted and must be dismissed.

Plaintiff's state law claim is preempted under Eleventh Circuit law. *See Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983); *see also* 17 U.S.C. § 301(a). "Preemption by the Copyright Act occurs if the rights at issue: (1) fall within the subject matter of copyright set forth in sections 102 and 103, and (2) are equivalent to the exclusive rights of section 106." *Poet*

---

[4] On the contrary, Apple retained all ownership rights through the corporate name change transition.

5

*Theatricals Marine v. Celebrity Cruises*, 515 F. Supp. 3d 1292, 1299 (S.D. Fla. 2021), *aff'd*, No. 21-10410, 2023 WL 3454614 (11th Cir. May 15, 2023) (alterations in original) (quotations omitted) (citing *Crow*, 720 F.2d at 1225–26). Under the second prong, which is commonly known as the "extra element" test, "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution, or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Id.* (citing *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001)). "The extra element test, however, is somewhat misleading because this analysis is not a rote comparison of the elements of a copyright claim against the state law claim asserted." *Taylor v. Trapeze Mgmt.*, 2018 WL 9708619, at *4 (S.D. Fla. Mar. 26, 2018) (quotations omitted). Instead, "the test requires that the Court determine if the state law claim includes a qualitatively different element." *Poet Theatricals Marine*, 515 F. Supp. 3d at 1301 (quotations omitted).

Courts in the Eleventh Circuit and this District routinely hold that unjust enrichment claims premised on the use of copyrights are preempted by the Copyright Act. As one example, the court in *Poet Theatricals Marine* explained that the plaintiffs' unjust enrichment claim was "not qualitatively different from a copyright infringement claim" where the claim's "core … is that [defendants] have been (and continue to be) enriched by displaying, using, and reproducing Plaintiffs' video recordings and photographs . . . ." 151 F. Supp. 3d at 1304. The court held that the claims were preempted and dismissed them. *Id.* at 1306.

Both prongs of the preemption test are met here. The "unjust enrichment" Plaintiff alleges is Apple's exploitation of its own copyrights. *See, e.g.*, Compl. ¶¶ 1-8; 14-15. And Plaintiff's claim alleges no qualitatively different element than a claim for copyright infringement. *Compare id.*, ¶ 14 ("Defendant has wrongfully retained benefits and profits derived from copyrighted works

6

legally attributed to 'Apple Computer, Inc.'"), *with Graylock v. Tr. Couns.*, 2023 WL 11951605, at *3 (S.D. Fla. Oct. 24, 2023) ("To state a claim for copyright infringement, a plaintiff must assert: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991))).

Plaintiff's unjust enrichment claim targets Apple's use of its own copyrights and is preempted by the Copyright Act.  The claim should be dismissed with prejudice because any attempt to amend would be futile.

**C.     Plaintiff Lacks Standing to Bring This Lawsuit**

Plaintiff's unjust enrichment claim further fails because he lacks standing as an individual to assert it.  Plaintiff alleges that, because he is "CEO and owner" of Apple Computer, Inc., he "holds a lawful and equitable interest" in Apple's copyrights.  Compl. ¶ 15.  Even assuming Plaintiff's allegations to be true (they are not), Apple Computer, Inc. would possess an ownership interest in the copyrights, not Plaintiff.  *See In re Miner*, 185 B.R. 362, 366 (N.D. Fla. 1995), *aff'd sub nom. Miner v. Bay Bank & Tr.*, 83 F.3d 436 (11th Cir. 1996) ("The law of Florida is that corporations, even closely held corporations, are distinct legal entities from their stockholders. . . . Under Florida law, the stockholders do not hold title to property owned by the corporation. Rather, the corporation, as a legal entity, holds the title."); *In re Lort*, 347 B.R. 909, 910 (M.D. Fla. 2006) ("A corporation's property is not property of its shareholders, even where, as here, the corporation has only one shareholder.").  "The Florida Rules of Civil Procedure further support this understanding that only the real party in interest may pursue a claim." *Selelyo v. Sararo*, No. 2:09-CV-261-FtM, 2011 WL 3235948, at *6 (M.D. Fla. July 28, 2011), *aff'd*, 498 F. App'x 932 (11th Cir. 2012); *See also* Fla. R. Civ. P. 1.210(a) ("Every action may be prosecuted in the name of the real party in interest . . .").  *Greenfield v. Stein*, 16 So. 3d 967, 968 (Fla. 3d DCA 2009)

7

(affirming trial court's dismissal of action brought by shareholder to prosecute corporation's claims in his own name for lack of standing).[5]

Plaintiff lacks standing to bring a claim on behalf of Apple Computer, Inc., and his claim accordingly should be dismissed with prejudice. *See Pro. LED Lighting v. AAdyn Tech.*, 88 F. Supp. 3d 1356, 1371 (S.D. Fla. 2015).

**D.     Plaintiff Fails to Plead a Claim for Unjust Enrichment**

Plaintiff fails to adequately plead any of the elements of his unjust enrichment claim, much less all of them. Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Marrache v. Bacardi U.S.A.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (citation omitted). The Eleventh Circuit has underscored that "[t]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Id.* (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)); *see also Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1321 (S.D. Fla. 2014) ("No unjust enrichment claim will lie unless the plaintiff conferred a benefit on the defendant."). Plaintiff cannot satisfy any of the three elements.

*First*, Plaintiff has not conferred any benefit on Apple. As discussed above, *see* Section III.A., Plaintiff does not own any Apple copyrights. Thus, Plaintiff has not conferred any "benefit" on Apple. On the contrary, by this complaint, Plaintiff attempts to seize control of Apple's copyrights and obtain a windfall.

---

[5] Additionally, Plaintiff—as a non-lawyer—cannot represent Apple Computer, Inc., nor can the entity proceed *pro se*. *See Damian v. Int'l Metals Trading & Invs., Ltd.*, 243 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017) ("[C]orporate entities may not appear pro se. They must be represented by counsel in all dealings with the Court.").

*Second*, Plaintiff has not and cannot plead that Apple has accepted any benefit from Plaintiff, whether explicitly or implicitly.

*Third*, permitting Plaintiff to obtain a windfall and seize control over Apple's copyrights would be inequitable. *See Toca v. Tutco*, 430 F. Supp. 3d 1313, 1328 (S.D. Fla. 2020) ("Courts routinely dismiss unjust-enrichment claims when that plaintiff fails to plausibly plead that the circumstances are such that it would be inequitable for the defendant to retain the benefit.") (internal quotations and citation omitted); *see also Marrache*, 17 F.4th at 1101 (11th Cir. 2021) ("Under Florida law, a claim for unjust enrichment is 'to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity.'") (citation omitted). Such a result in this case is antithetical to the doctrine of unjust enrichment. It is Plaintiff who would be unjustly enriched by receiving control over valuable intellectual property merely for registering a deceptively named entity in the state.

### E.   Plaintiff Fails to Identify the Specific Copyrights Apple Allegedly Used

In addition to failing to plead the elements of unjust enrichment, Plaintiff fails to identify any of the specific copyrights from which Apple allegedly unjustly benefits. Courts routinely dismiss complaints targeting copyright infringement for failure to state a claim when a plaintiff fails to identify the copyrights at issue. *See, e.g.*, *Ross v. Apple*, No. 16-61471-CIV, 2016 WL 8808769, at *4 (S.D. Fla. Dec. 30, 2016) (dismissing complaint because plaintiff's failure to identify the Apple copyrights at issue lacked "detail sufficient to afford Apple the opportunity to draft a meaningful responsive pleading"). The same result is warranted here: Plaintiff has failed to satisfy the federal pleading standard because he has not identified the numerous copyrights by which he alleges Apple has been unjustly enriched, other than the single exemplary copyright registration attached as Exhibit A to the Complaint.

F.     **The Court Cannot Grant the Non-Monetary Relief Requested by Plaintiff**

Plaintiff's Prayer for Relief requests, *inter alia*, a permanent injunction, judicial appointment as Chief Executive Officer of Apple, and "a device that [he] can plug the vin number of a vehicle [he owns] into . . . and create [sic] key fob that will act as the 'main' key to the vehicle." *See* Compl. ¶¶ 20-26. These are not available forms of relief for unjust enrichment.

"In Florida, damages for an unjust enrichment claim may be calculated as either '(1) the market value of the services; or (2) the value of the services to the party unjustly enriched.'" *Taxinet v. Leon*, 114 F.4th 1212, 1223 (11th Cir. 2024) (citation omitted); *see also Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1157 (S.D. Fla. 2020) ("The measure of damages for unjust enrichment is the amount of unfair gain received by those unjustly enriched.") (citation omitted). Plaintiff's damages for unjust enrichment are thus limited to any monetary gain the trier of fact finds that Apple unjustly received, and the non-monetary relief that Plaintiff seeks is unavailable as a remedy. Plaintiff also cites no legal basis for the Court to appoint him as CEO of Apple, nor is there any legal authority permitting such relief.

## IV.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE AMENDMENT WOULD BE FUTILE

The Complaint should be dismissed with prejudice because an amendment would be futile. *See Ranee v. Winn*, 287 Fed. Appx. 840, 841 (11th Cir. 2008) ("[D]istrict courts need not permit amendment where it would be futile to do so."). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *see also Steinberg v. 375 Park Ave*, No. 04-60899-CIV, 2007 WL 9698234, at *2 (S.D. Fla. Mar. 12, 2007) (leave to amend should be denied "when the proposed amendment is clearly insufficient and frivolous on its face."). Any attempt at amending Plaintiff's frivolous claim would be futile

because Plaintiff cannot plausibly allege that he owns Apple's copyrights (*see* Section III.A), his claim is preempted by the Copyright Act (*see* Section III.B), and he lacks standing (*see* Section III.C). Plaintiff's status as a *pro se* litigant does not change this outcome. *See, e.g., Salazar Cano v. Equal Emp. Opportunity Comm'n (EEOC)*, No. 22-CV-20530, 2022 WL 2869736, at *3 (S.D. Fla. July 21, 2022) (dismissing *pro se* plaintiff's complaint with prejudice because amendment was futile). Leave to amend should be denied accordingly.

## V.   CONCLUSION

Plaintiff's single claim for unjust enrichment fails as a matter of law, and Apple respectfully requests that the Court dismiss it with prejudice.

DATED: March 7, 2025

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Weston Corporate Center I, Suite 220
2500 Weston Rd.
Weston, Florida 33331
*Attorneys for Defendant*
Tel: (305) 347-4040
Fax: (305) 347-4050

By: /s/ Martin B. Goldberg
MARTIN B. GOLDBERG, ESQ.
FL Bar No.: 827029
Email: mgoldberg@lashgoldberg.com
Secondary Email: rdiaz@lashgoldberg.com
THOMAS S. GEEKER, ESQ.
FL Bar No.: 1035932
Email: tgeeker@lashgoldberg.com
Secondary Email: mvanhuss@lashgoldberg.com

**DAVIS WRIGHT TREMAINE LLP**

NICOLAS A. JAMPOL (PHV pending)
CYDNEY SWOFFORD FREEMAN (PHV pending)
SAMUEL A. TURNER (PHV pending)

Attorneys for Defendant
APPLE INC.

11