UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60259-CIV-DAMIAN

**ROBERT PIETZ**,

       Plaintiff,

v.

**APPLE, INC.**,

       Defendant.

_____/

## ORDER DENYING [ECF NO. 30] MOTION TO TERMINATE MAGISTRATE INVOLVEMENT

**THIS CAUSE** came before the Court upon *pro se* Plaintiff Robert Pietz's "Motion to Restore Article III Judicial Oversight and Terminate Unconsented Magistrate Involvement in Dispositive Matters," filed April 15, 2025 [ECF No. 30].

THE COURT has considered the Motion, the pertinent portions of the record, and the relevant authorities and is otherwise fully advised in the premises. In the interest of efficient case management, this Court determines that a response to the Motion is unnecessary. After careful consideration, the Court denies the Motion.

Plaintiff's motion is replete with basic factual misstatements, including—and especially—a lack of discernment with respect to what constitutes a dispositive ruling. For example, the Motion asserts that the Order referring the case to Magistrate Judge Valle cited "28 U.S.C. § 455(6) and Local Rule 3.7." Mot. at 2. In fact, that Order cites 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 and does not cite any of the authorities referenced by Plaintiff. *See* ECF No. 15. Plaintiff appears to be copy-and-pasting material from another case—material that has no relevance to this one.

For another example, Plaintiff argues that the Order staying discovery exceeds the jurisdictional authority afforded to magistrate judges. See Mot. at 7. However, the Order Staying Discovery was issued by the undersigned—an Article III Judge. *See* ECF No. 22. For yet another example, Plaintiff avers that Magistrate Judge Valle's Order to Show Cause [ECF No. 23] unfairly "imposed a response deadline on Plaintiff." Mot. at 10. In fact, that Order generously *extended* the response deadline for Plaintiff to respond to Defendant's Motion to Dismiss [ECF No. 14]—a deadline imposed under the Local Rules, *see* S.D. Fla. L.R. 7.1(c)(1), which Plaintiff had already missed.

The jurisdiction and powers of magistrate judges are set forth primarily in 28 U.S.C. § 636. *Thomas v. Whitworth,* 136 F.3d 756, 758 (11th Cir.1998). A district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain listed exceptions that do not apply here. 28 U.S.C. § 636(b)(1)(A). A district court also may authorize a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition of a case. *Id.* § 636(b)(1)(B). Although consent of the parties is required for a magistrate judge to enter judgment in a case, *id.* § 636(c)(1), it is not required for actions taken under § 636(b). *See id.* § 636(b); *Thomas,* 136 F.3d at 758.

Here, Magistrate Judge Valle has acted within the scope of 28 U.S.C. § 636(b)(1)(A) in hearing and determining pretrial matters pending before the court. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 30]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 21st day of April, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record
      Magistrate Judge Alicia O. Valle

      Robert Pietz, *Pro se*
      5937 NW 56th Pl.
      Tamarac, FL 3319
      pietzreceipts@gmail.com