**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-CV-60259-DAMIAN/VALLE

ROBERT PIETZ,

       Plaintiff,

v.

APPLE, INC.,

       Defendant.

_____/

**<u>REPORT AND RECOMMENDATION TO DISTRICT JUDGE</u>**

      THIS MATTER is before the Court upon: (i) Defendant Apple Inc.'s Motion to Dismiss (ECF No. 14) (the "Motion to Dismiss"); and (ii) Plaintiff Robert Pietz's Motion for Leave to Amend Complaint to Conform with Supplemental Rule C and with In Rem Jurisdiction, Asset Forfeiture, and Arrest Protocols (ECF No. 39) (the "Motion for Leave to Amend"). This case has been referred to the undersigned for rulings on all discovery and pretrial non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. *See* (ECF No. 15).

      Accordingly, having reviewed the Motion to Dismiss, Plaintiff's Response (ECF No. 28), Defendant's Reply (ECF No. 33), and Plaintiff's Motion for Leave to Amend, and being fully advised in the matter, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**, Plaintiff's Motion for Leave to Amend be **DENIED**, and the case be **DISMISSED WITH PREJUDICE** for the reasons set forth below. The undersigned further **RECOMMENDS** that all other pending Motions (ECF Nos. 36, 38) be **DENIED AS MOOT**.

## I.       BACKGROUND

In February 2025, Plaintiff, representing himself, filed a single-count Complaint against Defendant Apple, Inc. for unjust enrichment.[1]  *See generally* (ECF No. 1) ("Compl.").  More specifically, the Complaint alleges that on March 19, 2021, Defendant officially changed its name with the Florida Department of State from "Apple Computer, Inc." to "Apple Inc.," and thereby relinquished its rights to the name "Apple Computer, Inc."  Compl. ¶ 4.  The Complaint further alleges that on January 15, 2025, Plaintiff incorporated his own entity under the name "Apple Computer, Inc." in Florida.  Compl. ¶ 5.  Less than a month later, on February 12, 2025, Plaintiff filed the instant Complaint alleging a claim of unjust enrichment against Defendant.[2]

The Complaint alleges that, as the CEO and owner of the newly incorporated Apple Computer, Inc., Plaintiff seized control over all existing copyrights that listed Apple Computer, Inc. as the copyright holder.  Compl. ¶¶ 6, 15.  Based on that, Plaintiff alleges that Defendant has

---

[1] Additionally, a review of the Southern District of Florida's CM/ECF filing system reflects that Plaintiff has recently filed at least four other cases in this District.  *See, e.g., Pietz v. United States Environmental Protection Agency et al.*, Case No. 25-CV-60394-AHS (S.D. Fla. Feb. 28, 2025) (ECF No. 1) (pending claim for breach of prudence against, among others, the EPA, City of Tamarac, and City of Fort Lauderdale); *Pietz v. Amazon.com et al.*, Case No. 24-CV-62167-RS (S.D. Fla. Nov. 19, 2024) (voluntarily dismissed claims for violations of the Racketeer Influenced and Corrupt Organizations Act, civil conspiracy, infliction of emotional distress, antitrust violations, unjust enrichment, and tax fraud against Amazon and Google); *Pietz v. The Florida Bar*, Case No. 24-CV-61959-DSL (S.D. Fla. Nov. 13, 2024) (ECF No. 6) (voluntarily dismissed claim for declaratory and injunctive relief regarding mandatory bar admission requirements that purportedly infringed on Plaintiff's constitutional rights); *Pietz v. Tasso Partners, LLC et al.*, Case No. 24-CV-62176-RS (S.D. Fla. Nov. 26, 2024) (ECF No. 13) (pending claim for violation of the Securities Exchange Act of 1934 with ripe motions to dismiss by defendants and for preliminary injunction/TRO by Plaintiff).

[2] Additionally, on February 17, 2025, Plaintiff filed a similar complaint with the Copyright Claims Board ("CCB") alleging copyright infringement by Defendant.  *See Apple Computer, inc. et al v. Apple, inc.*, Case No. 25-CCB-0061, DE 1 (Plaintiff's CCB complaint).  The CCB has since found that Plaintiff was "an interloper who filed a baseless copyright infringement claim on behalf of himself and a corporation he formed in January [2025] and deceptively named 'Apple Computer Inc.'"  *Id.* at DE 3.  Ultimately, the CCB concluded that Plaintiff and his "spuriously named Florida corporation" have no interest in Defendant's copyrights.  *Id.* at DE 4.

been unjustly enriched by its continued use of these copyrights. Compl. ¶ 14. Among other relief, Plaintiff seeks restitution and disgorgement of Defendant's profits related to its copyrights, a permanent injunction preventing Defendant from using its copyrights, judicial appointment of Plaintiff as the CEO of Defendant, and a device that Plaintiff can use to create a key fob for a car. Compl. ¶¶ 20-26.

In response, Defendant filed its Motion to Dismiss, arguing that the Complaint should be dismissed because: (i) Plaintiff does not own the copyrights; (ii) Plaintiff's unjust enrichment claim is preempted by the Copyright Act; (iii) Plaintiff, as an individual, lacks standing to sue; (iv) the Complaint fails to state a claim for unjust enrichment; and (v) the non-monetary relief Plaintiff requests is inappropriate in a claim for unjust enrichment. *See generally* (ECF No. 14). Plaintiff opposes the Motion to Dismiss and has separately filed a Motion for Leave to Amend the Complaint. *See generally* (ECF Nos. 28, 39).

In the Motion for Leave to Amend, Plaintiff explains that he seeks to amend his Complaint "for the limited purpose of: (i) conforming the pleading to the procedural requirements of a verified admiralty complaint under Supplemental Rule C, and (ii) substantiating the factual basis for in rem jurisdiction and aligning the operative pleading with the statutory prerequisites for asset forfeiture and arrest, such that the Clerk of Court and the United States Marshals Service (or other appropriate port authority) may issue and execute a warrant for the arrest of contested goods introduced into U.S. commerce under unresolved legal title." (ECF No. 39 at 1-2). Defendant has not responded to Plaintiff's Motion.

## I.     <u>LEGAL STANDARDS</u>

### A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure

to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face."  *Alcon Labs., Inc. v. Allied Vision Group, Inc.*, No. 18-CV-61638, 2019 WL 2245584, at *1 (S.D. Fla. Mar. 7, 2019), *report and recommendation adopted*, 2019 WL 2245262 (S.D. Fla. Apr. 2, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This requirement is designed to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and alterations omitted).  At the motion to dismiss stage, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in plaintiff's favor.  *Alcon Labs., Inc.*, 2019 WL 2245584, at *2 (citing *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)).  While a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citation omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id.*  Conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts may result in dismissal.  *Alcon Labs., Inc.*, 2019 WL 2245584, at *2 (citing *United States ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014)).  Moreover, although pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed, *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011), this leniency does not give the Court license to act as de facto counsel for a party or to rewrite an otherwise deficient pleading to sustain an action.  *Schwarz v. Ga. Composite Med. Bd.*, No. 21-10288, 2021 WL 4519893, at *2 (11th Cir. 2021) (citation omitted); *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020); *Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC*, No. 21-CV-61003, 2022 WL 2702624, at *3 (S.D. Fla. July 12, 2022).

### B.  Amendment of Pleadings

Relevant to Plaintiff's Motion for Leave to Amend is Federal Rule of Civil Procedure 15. More specifically, Rule 15(a)(2) provides that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave[.]"  Fed. R. Civ. P. 15(a)(2).  The Court should freely give leave when justice so requires.  *Id.*; *see also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (citations omitted).  Unless there is a "substantial reason" to deny leave to amend, the Court's discretion to deny such leave is narrow.  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted).  Thus, a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim."  *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (citations and quotations omitted); *see also Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (instructing that pro se filings be liberally construed).

Accordingly, a court may deny a pro se plaintiff leave to amend only where: (i) the plaintiff has indicated that he does not wish to amend the complaint; or (ii) a more carefully drafted complaint could not state a claim and would therefore be futile.  *Carter*, 622 F. App'x at 786. Futility of amendment justifies denial of a pro se plaintiff's request for leave to amend only where: (i) a more carefully drafted complaint could not "conceivably state a valid claim," *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003); or (ii) it is "scarcely possible" that the pro se plaintiff's amended complaint would state a legally cognizable claim, *Silva v. Bieluch*, 351 F.3d 1045, 1049 (11th Cir. 2003).  When the issue of futility is close, the Court should err on the side of the pro se plaintiff and allow amendment.  *Carter*, 622 F. App'x at 786 (citing *O'Halloran*, 350 F.3d at 1206).

## II.    DISCUSSION

**A.  Plaintiff's Unjust Enrichment Claim Should be Dismissed**

Plaintiff's claim that Defendant is being unjustly enriched through use of its own intellectual property fails for numerous reasons.  First, Plaintiff cannot assert ownership over Defendant's copyrights simply by virtue of having incorporated an entity called Apple Computer, Inc.  Second, although Plaintiff purports to bring a cause of action for unjust enrichment, this single-count Complaint targets Defendant's copyrights and is therefore preempted by the Copyright Act.  Third, even accepting Plaintiff's allegations that he now owns Apple Computer, Inc. and that entity, in turn, owns Defendant's copyrights, Plaintiff lacks standing to bring this lawsuit on behalf of the corporate entity.  Fourth, Plaintiff fails to adequately allege the necessary elements of an unjust enrichment claim.  Fifth, Plaintiff does not identify the specific copyrights that Defendant is purportedly misusing.  And lastly, the Court does not have authority to grant the non-monetary relief that Plaintiff requests on his unjust enrichment claim.  For these reasons, singly and in combination, the Complaint should be dismissed, as discussed below.

### 1.  Plaintiff Does not Own or Control Any of Defendant's Copyrights

Plaintiff cites no authority to support his assertion that he now owns Defendant's copyrights simply because he incorporated an entity named Apple Computer, Inc. in Florida.  *See* Compl. ¶¶ 6, 8.  Nor does Plaintiff identify the specific copyrights over which he claims to have control.  Nor does Plaintiff allege ownership of specific copyrights through any legally recognized means, such as transfer.[3]  *See* (ECF No. 14 at 5-6); 17 U.S.C. § 204(a) (providing that a "transfer of copyright ownership . . . is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such

---

[3] Rather, Plaintiff seeks to recoup some "financial reward[] for discovering vulnerabilities in [Defendant's] systems."  (ECF No. 28 at 2-3).

owner's duly authorized agent"); *see also* (ECF No. 28 at 4) (Plaintiff's acknowledgment that no valid transfer occurred).  Moreover, to the extent that Plaintiff alleges ownership simply because he incorporated an entity named Apple Computer, Inc. in Florida, such an ownership theory runs afoul of the Supremacy Clause of the United States Constitution.  *See* U.S. Const, art. VI; *Westside Shepherd Rescue of Los Angeles v. Pollock*, No. CV 09-3677-GW(EX), 2009 WL 10675040, at *10 (C.D. Cal. July 16, 2009) ("a state corporations law cannot unilaterally eliminate the protections" of federal intellectual property law).  Thus, because Plaintiff does not own any of the copyrights from which he alleges Defendant unjustly benefits, his claim should be dismissed.

   2.  *The Copyright Act Preempts Plaintiff's Unjust Enrichment Claim*

   Although Plaintiff styles his Complaint as one for unjust enrichment, at bottom, he seeks control of Defendant's copyrights.  In this regard, Section 301 of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . *are governed exclusively by this title*," and "no person is entitled to any such right or equivalent right in any . . . work [within the subject matter of copyright] under the common law or statutes of any State."  17 U.S.C. § 301(a) (emphasis added).  Thus, where, as here, a state law claim falls within the exclusive scope of the Copyright Act, it is preempted and must be dismissed.

   Moreover, Plaintiff's state law claim for unjust enrichment is preempted under Eleventh Circuit law.  *See Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983); *see also* 17 U.S.C. § 301(a).  "Preemption by the Copyright Act occurs if the rights at issue: (1) 'fall within the subject matter of copyright set forth in sections 102 and 103,' and (2) 'are equivalent to the exclusive rights of section 106.'"  *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, 515 F. Supp. 3d 1292, 1299 (S.D. Fla. 2021), *aff'd*, No. 21-10410, 2023 WL 3454614 (11th Cir. May 15, 2023)

(quoting *Crow*, 720 F.2d at 1225-26).  Under the second prong, which is commonly known as the "extra element" test, "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution, or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Id.* at 1299-1300 (quoting *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001)).  The extra element test requires that the Court determine whether the state law claim includes a "qualitatively different element." *Poet Theatricals Marine*, 515 F. Supp. 3d at 1301 (quotations omitted).  Courts in the Eleventh Circuit and this District routinely hold that unjust enrichment claims premised on the use of copyrights are preempted by the Copyright Act.  *See, e.g., Poet Theatricals Marine*, 515 F. Supp. 3d at 1304-05.

To be clear, to state a claim for copyright infringement, a plaintiff must assert: (i) ownership of a valid copyright; and (ii) copying of constituent elements of the work that are original.  *Graylock v. Tr. Couns., PLLC*, No. 23-CV-20576, 2023 WL 11951605, at *3 (S.D. Fla. Oct. 24, 2023) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  To state a claim for unjust enrichment, on the other hand, a plaintiff must allege that: (i) plaintiff has conferred a benefit on the defendant, who has knowledge of the benefit; (ii) defendant voluntarily accepted and retained the benefit; and (iii) under the circumstance of the case, it would be inequitable for the defendant to retain the benefit without first paying the plaintiff for the value of the benefit.  *AIM Recycling Fla., LLC v. Metals USA, Inc*., No. 18-CV-60292, 2019 WL 1991946, at *1 (S.D. Fla. Mar. 4, 2019) (quoting *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. 3d DCA 2018)).

Measured against this legal backdrop, Plaintiff's unjust enrichment claim is clearly preempted by the Copyright Act because both prongs of the preemption test are met.  Here, the

"unjust enrichment" Plaintiff alleges is Defendant's use of its own copyrights. *See, e.g.*, Compl. ¶¶ 1-8, 14-15. Furthermore, Plaintiff's claim alleges no qualitatively different element than a claim for copyright infringement. *Compare* Compl. ¶ 14 ("Defendant has wrongfully retained benefits and profits derived from copyrighted works legally attributed to 'Apple Computer, Inc.'"), *with Graylock,* 2023 WL 11951605, at *3 (quoting *Feist Publ'ns, Inc*, 499 U.S. at 361) ("To state a claim for copyright infringement, a plaintiff must assert: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"). Thus, Plaintiff's sole claim for unjust enrichment is preempted by the Copyright Act and should be dismissed.

### 3. *Plaintiff Lacks Standing to Bring this Lawsuit*

Plaintiff's unjust enrichment claim further fails because Plaintiff lacks standing as an individual to assert the corporation's claim. Plaintiff alleges that, because he is "CEO and owner" of Apple Computer, Inc., he "holds a lawful and equitable interest" in Defendant's copyrights. Compl. ¶ 15. Even assuming Plaintiff's allegations to be true, it is the entity Apple Computer, Inc. that would possess an ownership interest in the copyrights, not Plaintiff. *See In re Miner*, 185 B.R. 362, 366 (N.D. Fla. 1995), *aff'd sub nom. Miner v. Bay Bank & Tr. Co.*, 83 F.3d 436 (11th Cir. 1996) ("The law of Florida is that corporations, even closely held corporations, are distinct legal entities from their stockholders," and "the stockholders do not hold title to property owned by the corporation. Rather, the corporation, as a legal entity, holds the title."); *In re Lort*, 347 B.R. 909, 910 (M.D. Fla. 2006) ("A corporation's property is not property of its shareholders, even where, as here, the corporation has only one shareholder."). "The Florida Rules of Civil Procedure further support this understanding that only the real party in interest may pursue a claim." *Selelyo v. Sararo*, No. 2:09-V-261-FTM-36, 2011 WL 3235948, at *6 (M.D. Fla. July 28, 2011), *aff'd*, 498 F. App'x 932 (11th Cir. 2012); *see also* Fla. R. Civ. P. 1.210(a) ("Every action may be prosecuted

in the name of the real party in interest . . . .").  Additionally, Plaintiff—as a non-lawyer—cannot represent Apple Computer, Inc., nor can the entity proceed pro se.  *See Palazzo v. Gulf Oil Corp*., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.").  Accordingly, Plaintiff's claim should be dismissed.

4.  *The Complaint Fails to State a Claim for Unjust Enrichment*

Furthermore, Plaintiff fails to adequately plead his unjust enrichment claim.  Under Florida law, unjust enrichment has three elements: (i) that plaintiff conferred a benefit on the defendant, who has knowledge the benefit; (ii) that defendant voluntarily accepted and retained the benefit; and (iii) that, under the circumstances of the case, it would be inequitable for the defendant to retain the benefit without first paying plaintiff for the value of the benefit.  *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)); *AIM Recycling Fla., LLC*, 2019 WL 1991946, at *1 (quoting *Duty Free World, Inc.*, 253 So. 3d at 693).  Additionally, the Eleventh Circuit has underscored that "[t]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Marrache*, 17 F.4th at 1101 (quoting *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017)); *see also Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1321 (S.D. Fla. 2014) ("No unjust enrichment claim will lie unless the plaintiff conferred a benefit on the defendant.").

Plaintiff has not satisfied any of the three elements of an unjust enrichment claim.  First, although Plaintiff alleges that "Defendant has wrongfully retained benefits and profits derived from copyrighted works legally attributed to 'Apple Computer, Inc.,'" Compl. ¶ 14, Plaintiff has not and cannot plead that he has conferred any benefit on Defendant.  Second, Plaintiff has not and cannot plead that Defendant has accepted any benefit from Plaintiff, explicitly or implicitly.  Third,

permitting Plaintiff to obtain a windfall and seize control over Defendant's copyrights would be inequitable.  *See Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1328 (S.D. Fla. 2020) ("Courts routinely dismiss unjust-enrichment claims when that plaintiff fails to plausibly plead that the circumstances are such that it would be inequitable for the defendant to retain the benefit.") (citation and quotations omitted); *see also Marrache*, 17 F.4th at 1101 (quoting *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 584 (11th Cir. 2013)) ("Under Florida law, a claim for unjust enrichment is 'to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity.'").  Here, it is Plaintiff who would be unjustly enriched by receiving control over valuable intellectual property merely for registering a deceptively named entity in the state.

### 5.  *The Complaint Fails to Identify the Specific Copyrights Defendant Allegedly Used*

In addition to failing to plead the elements of unjust enrichment, the Complaint fails to identify any of the specific copyrights from which Defendant allegedly unjustly benefited.  Courts routinely dismiss complaints targeting copyright infringement for failure to state a claim when a plaintiff fails to identify the copyrights at issue.  *See, e.g.*, *Ross v. Apple*, No. 16-CV-61471, 2016 WL 8808769, at *4 (S.D. Fla. Dec. 30, 2016) (dismissing complaint because plaintiff's failure to identify the Apple copyrights at issue lacked "detail sufficient to afford Apple the opportunity to draft a meaningful responsive pleading").  The same result is warranted here.  Plaintiff has failed to satisfy the federal pleading standard because he has not identified the copyrights by which he alleges Defendant has been unjustly enriched (except for the single exemplary copyright registration attached as Exhibit A to the Complaint).

### 6.  *The Court Cannot Grant the Requested Non-Monetary Relief*

Plaintiff's Prayer for Relief requests, among other things, a permanent injunction, judicial

appointment of Plaintiff as Chief Executive Officer of Defendant, and "a device that [he] can plug the vin number of a vehicle [he] own[s] into . . . and create [a] key fob that will act as the 'main' key to the vehicle." *See* Compl. ¶¶ 20-26.  These are not appropriate forms of relief for unjust enrichment claims.

Rather, in Florida, damages for an unjust enrichment claim may be calculated as either: (i) the market value of the services; or (ii) the value of the services to the party unjustly enriched. *Taxinet Corp. v. Leon*, 114 F.4th 1212, 1223 (11th Cir. 2024) (citation omitted); *see also Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1157 (S.D. Fla. 2020) (quoting *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1336 (S.D. Fla. 2013)) ("The measure of damages for unjust enrichment is the amount of unfair gain received by those unjustly enriched.").  Plaintiff's damages for unjust enrichment are thus limited to any monetary gain the trier of fact finds that Defendant unjustly received, and the non-monetary relief that Plaintiff seeks is unavailable as a remedy.  Furthermore, Plaintiff cites no legal support for his request that the Court appoint him as CEO of Defendant, nor is there any legal authority permitting such relief.  There is no legal authority to award any of the non-monetary relief requested in this case, and those requests should therefore be dismissed.

**B.  Any Amendment of the Complaint would be Futile**

Although cognizant of the liberal pleading standards afforded to pro se litigants, the undersigned finds that any amendment to the Complaint would be futile.  *See Carter*, 622 F. App'x at 786.  Futility of amendment justifies denial of Plaintiff's Motion for Leave to Amend because it is "scarcely possible" that Plaintiff's amended Complaint could state a legally cognizable claim. *See Silva*, 351 F.3d at 1049.

Plaintiff seeks permission to amend the Complaint "for the limited purpose of: (i)

conforming the pleading to the procedural requirements of a verified admiralty complaint under Supplemental Rule C, and (ii) substantiating the factual basis for in rem jurisdiction and aligning the operative pleading with the statutory prerequisites for asset forfeiture and arrest . . . ." (ECF No. 39 at 1). Plaintiff's proposed amendment, however, fails to cure any of the deficiencies noted in this Report and Recommendation. Indeed, Plaintiff's attempt to invoke this Court's admiralty and maritime jurisdiction to assert in rem jurisdiction over Defendant's commercial goods is non-sensical and will surely result in dismissal. Lastly, even if Plaintiff were to amend his Complaint to attempt to assert a claim for copyright infringement (instead of a claim for unjust enrichment), Plaintiff's lack of copyright ownership would present an incurable defect. Thus, Plaintiff's Motion for Leave to Amend should be denied as futile, and the case should be dismissed with prejudice. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); *Moise v. Convergent Outsourcing, Inc.*, No. 24-CV-24052, 2025 WL 253417, at *4 (S.D. Fla. Jan. 21, 2025) ("[W]e won't give the [pro se] [p]laintiff leave to amend because her proposed Amended Complaint unambiguously demonstrates that amendment would be futile.").

### III.    RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**, Plaintiff's Motion for Leave to Amend be **DENIED**, and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

The undersigned further **RECOMMENDS** that all pending Motions (ECF Nos. 36, 38) be **DENIED AS MOOT**.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as

provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2024); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Lastly, if the parties do not intend to file objections, they shall file a Notice of Non-Objection within **7 days** of this Report and Recommendation.

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida on May 16, 2025.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
    All Counsel of Record