UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60259-CIV-DAMIAN

**ROBERT PIETZ**,

      Plaintiff,
v.

**APPLE, INC.**,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 40] AND GRANTING MOTION TO DISMISS [ECF NO. 14]

**THIS CAUSE** came before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation, entered on May 16, 2025 [ECF No. 40 (the "Report")], Defendant Apple Inc.'s Motion to Dismiss, filed on March 7, 2025 [ECF No. 14 (the "Motion to Dismiss")], and Plaintiff's Motion for Leave to Amend Complaint to Conform with Supplemental Rule C and Align with In Rem Jurisdiction Asset Forfeiture, and Arrest Protocols, filed April 23, 2025 [ECF No. 39 (the "Motion to Amend")].

THE COURT has reviewed the Report, the Motion to Dismiss, the Motion for Leave to Amend, and the pertinent portions of the record (including the parties' memoranda [ECF Nos. 28 and 33]), and is otherwise fully advised.

After carefully considering the briefing, Judge Valle issued the Report, recommending that the Motion to Dismiss be granted and the Motion to Amend be denied. The Report summarizes the relevant background and procedural history, and therefore, the Court will not set out the background in detail here.

In short, the Plaintiff, who is proceeding *pro se,* initiated this lawsuit against Defendant for unjust enrichment, alleging that, by incorporating his own entity in the state of Florida under the name "Apple Computer, Inc.," Plaintiff seized control over all existing copyrights that listed "Apple Computer, Inc." as the copyright holder. *See* ECF No. 1 (the "Complaint"). The Defendant argues that the Complaint should be dismissed because (i) Plaintiff does not own the copyrights; (ii) Plaintiff's unjust enrichment claim is preempted by the Copyright Act; (iii) Plaintiff, as an individual, lacks standing to sue; (iv) the Complaint fails to state a claim for unjust enrichment; and (v) the non-monetary relief Plaintiff requests is inappropriate in a claim for unjust enrichment. *See generally* Mot.

After a review of the record and the parties' briefing, Judge Valle found that dismissal is appropriate on the following grounds: (i) Plaintiff does not own or control any of Defendant's copyrights, (ii) the Copyright Act preempts Plaintiff's unjust enrichment claim, (iii) Plaintiff lacks standing, (iv) the Complaint fails to state a claim for unjust enrichment, (v) the Complaint fails to identify the specific copyrights Defendant allegedly used, and (vi) the Court cannot granted the requested non-monetary relief. *See generally* Report. Judge Valle also recommends that the Motion to Amend be denied as futile, and because amendment would be futile, that the Court dismiss the action with prejudice. Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory

committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Valle's Report and agrees with Judge Valle's conclusions. While generally a *pro se* Plaintiff would be afforded leave to amend, "[l]eave to amend need not be granted when amendment would be futile." *Wooden v. Armenteros*, 756 Fed. Appx. 951, 953 (11th Cir. 2018) (citation omitted). While a court "may consider facts asserted by the plaintiff in objections to the magistrate judge's report and recommendation," *id.*, here, Plaintiff asserted no objections to the Report, and otherwise provides no basis anywhere in the record for concluding that amendment would not be futile. Simply put, Plaintiff has not offered any basis on which to claim that he owns or controls any of Defendant's copyrights. Rather, by seeking to recoup some "financial reward[] for [allegedly] discovering vulnerabilities in [Defendant's] systems"[1] Plaintiff acknowledges that no valid copyright transfer occurred, and, as such, cannot state even a well-pled claim in copyright given that he is not and never was the owner of the copyright at issue. *See* ECF No. 28 at 4.

---

[1] ECF No. 28 at 2-3.

In light of the fact that Plaintiff is proceeding *pro se*, this Court has undertaken a thorough review of Plaintiff's claims and allegations to determine whether there is any potential basis for relief available to Plaintiff based on his allegations in the Complaint. Even erring "on the side of generosity to the plaintiff," this Court finds that this is an instance "where a more carefully drafted complaint could not state a claim[.]" *Carter v. HSBC Mortg. Services, Inc.*, 622 Fed. Appx. 783, 786 (11th Cir. 2015). *See also Mitchell v. Thompson*, 564 Fed. Appx. 452, 457 (11th Cir. 2014) (affirming dismissal of *pro se* case where amendment would be futile). That is, this Court agrees with the Magistrate Judge that amendment would be futile and, therefore, that dismissal with prejudice is warranted and appropriate.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 40]** is **AFFIRMED AND ADOPTED** as follows:

This case is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Amend **[ECF No. 39]** is **DENIED**.

The Clerk of Court shall **CLOSE** the case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 3rd day of June, 2025.

                                                                     **MELISSA DAMIAN**
                                                                      **UNITED STATES DISTRICT JUDGE**

cc:     Magistrate Judge Alicia O. Valle
           counsel of record